## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL E. DUZENSKI,  
        Appellant,

    v.

DEPARTMENT OF VETERANS  
    AFFAIRS,  
        Agency.

DOCKET NUMBER  
CH-0752-22-0043-I-1

DATE: April 9, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Colleen M. McLaughlin</u>, Esquire, Wheaton, Illinois, for the appellant.

<u>Nicholas Peluso</u>, Esquire, Westchester, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman  
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed by 15 months without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant filed an appeal challenging his removal from Federal service in November 2021. Initial Appeal File (IAF), Tab 1. Shortly thereafter, the agency filed a document entitled "Confidential Settlement Agreement and Release," which provided "full and final resolution and settlement before the MSPB." IAF, Tab 5 at 4-7. The administrative judge issued an initial decision dismissing the appeal as settled and entered the agreement into the record for enforcement purposes. IAF, Tab 6, Initial Decision (ID) at 2-3. The initial decision became final on January 18, 2022, when neither party filed a petition for review. ID at 3.

On April 20, 2023, the appellant filed a petition for review and a motion to waive the time limit for filing a petition for review. Petition for Review (PFR) File, Tabs 2-3. In his petition for review, the appellant asked the Board to vacate the settlement agreement, alleging that (1) it was invalid because it lacked consideration and (2) the agency failed to notify the appellant of the proper procedures for filing a mixed case appeal and/or misled him about mixed case filing procedures. PFR File, Tab 2 at 28-36. He also alleged that, if the agreement was valid, the agency was in breach. *Id.* at 20-27.

In support of his motion to waive the time limit, the appellant's counsel filed a declaration asserting that the appellant retained her in June 2022 for a separate matter and she learned in November 2022, after reviewing the appellant's files, that the settlement agreement resolving this Board appeal lacked consideration. *Id.* at 38-39. She stated that, in November 2022, she requested information and documentation related to the settlement agreement and conducted research. *Id.* On December 5, 2022, counsel for the appellant emailed the agency and alleged that it was in breach of the settlement agreement and that the agreement was "illusory." *Id.* at 40-41. In early December 2022, counsel for the appellant became ill, which required her to work part-time until February 2023. *Id.* at 39-40. During this time, she continued to conduct legal research related to

the settlement agreement and encountered difficulties in doing so. *Id.* at 39-43. She also emailed the agency on several occasions between December 2022 and March 2023 to discuss her concerns about the settlement agreement before filing a petition for review on April 20, 2023. *Id.* The agency has not filed a response to the appellant's filing.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *See Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *See Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

The appellant's petition for review was filed 15 months after the initial decision became final. ID at 3. Assuming, without deciding, that the appellant obtained new and material evidence shedding light on the validity of the settlement agreement in November 2022, we find that he did not act promptly by filing his petition for review approximately 5 months later. *See Graves v.*

*Department of Veterans Affairs*, 82 M.S.P.R. 38, ¶ 12 (1999) (finding that the appellant failed to show good cause for his untimely petition for review because he waited over 1 month after discovering the alleged new evidence of fraud in a settlement agreement before filing a pleading with the Board). Although we are sympathetic to the illness of the appellant's counsel, we do not find that it excuses the 5-month delay in filing the petition for review after she learned of the settlement agreement's purported invalidity in light of the fact that she performed other work during the same time period. PFR File, Tab 2 at 38-41.

We therefore dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal. We forward the appellant's petition for review to the Central Regional Office for adjudication as a petition for enforcement. *See* 5 C.F.R. § 1201.182(a). Our findings as to the timeliness of the instant petition for review do not speak to the timeliness of the appellant's petition for enforcement. *See Davis v. Department of the Navy*, 55 M.S.P.R. 109, 112 n.1 (1992).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____
                          *Gina K. Grippando*
                          Gina K. Grippando
                          Clerk of the Board
Washington, D.C.